# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| KEITH BATTS, | ) |
|             Plaintiff, | ) Case No. 2:13-cv-02181-JAD-NJK |
| vs. | ) **ORDER** |
| COMPUTER SCIENCES CORPORATION, et al., | ) |
|             Defendants. | ) |

Pending before the Court is Defendants' Motion to Amend Answer to Assert Additional Affirmative Defense. Docket No. 23. The Court finds this matter is properly resolved without oral argument. *See* Local Rule 78-2. The Court has considered the Motion, Response, and Reply. Docket Nos. 23, 28, 30. The Motion to Amend is hereby **GRANTED**.

**I.   DISCUSSION**

After a party has amended a pleading once as a matter of course, it may only amend further after obtaining leave of the court, or by consent of the adverse party. Fed. R. Civ. P. 15(a). Generally, Rule 15 advises the court that "leave shall be freely given when justice so requires." This policy is "to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).

In the present case, Defendants seek leave to add an additional affirmative defense to their Answer. Docket No. 23, at 1. Defendants' proposed affirmative defense centers around the statute of limitations which may, or may not, serve to bar some of Plaintiff's claims. *Id.*, at 1-2. Plaintiff argues that allowing Defendants' proposed affirmative defense would be "an utter exercise in futility," given Plaintiff's contention that his claims were filed within the period allowed by the statute of limitations applicable to this case. Docket No. 28, at 9. Plaintiff further argues that Defendants' proposed affirmative defense should not be allowed by way of amendment because the "statute of limitations defense cannot survive Rule 12(b)(6) analysis." *Id.*

The Court finds Plaintiff's arguments unconvincing. Defendants do not seek, at this stage of the proceedings, a ruling from the Court as to whether the statute of limitations applicable in this case will bar some, all, or none of Plaintiff's claims. Defendants merely seek leave to amend their pleadings, which "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Defendants note that their "Motion is brought within the deadline to amend the pleadings, the parties just completed an Early Neutral Evaluation, no depositions have commenced and no other factor warranting the denial of amendment exists." Docket No. 23, at 2. Accordingly, the Court finds that Defendants have demonstrated that amending their Answer to include the requested affirmative defense is warranted at this point in time.

## II.   CONCLUSION

Based on the foregoing, and good cause appearing therefore,

IT IS ORDERED that Defendants' Motion to Amend, Docket No. 23, is **GRANTED**.

IT IS FURTHER ORDERED that Defendants shall file their amended Answer no later than May 16, 2014.

DATED: May 12, 2014.

_____
NANCY J. KOPPE
United States Magistrate Judge