UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEITH M. BATTS,<br><br>    Plaintiff,<br><br>v.<br><br>COMPUTER SCIENCES CORPORATION, a Nevada Corporation; CSC APPLIED TECHNOLOGIES, LLC, a Delaware Limited Liability Company; PAE APPLIED TECHNOLOGIES, LLC, a Delaware Limited Liability Company; ELIZABETH MONTILLA; an Individual; VIVIAN SMITH, an Individual; RAY PORTILLO, an Individual; DOES I through X; and ROE BUSINESS ENTITIES I through X, inclusive,<br><br>    Defendants | Case No.  2:13-cv-02181-JAD-NJK<br><br>**Order Granting Motion for Summary Judgment in Part and Remanding Case to State Court**<br><br>[Doc. 45] |

    Keith M. Batts was a security guard at the Tonopah Test Range while his employer Wackenhut held the government contract to provide security services there. When CSC Applied Technologies took over the contract, Batts was not rehired by the new company. Batts theorizes that he was not rehired for his position in retaliation for testifying in support of a former CSC worker in her unemployment proceedings. He sued CSC and several of its employees under various federal and state law theories in state court. Defendants removed the case to this court based on federal-question jurisdiction.[1]

    In his response to the defendants' motion for summary judgment, Batts abandons his federal claims and all claims against two of the three CSC-employee defendants.[2] I construe Batts's attempt to abandon these claims as a concession that they lack merit and that summary judgment on these claims is appropriate. And because this abandonment leaves only state-law claims, I decline to retain supplemental jurisdiction over these remaining claims, deny the rest of the motion without prejudice, and remand this case back to the Eighth Judicial District Court.

---

[1] Docs. 1, 5 at 2.

[2] Doc. 52 at 8, 10.

Discussion

**A.     Batts's Express Abandonment of His Claims Against Smith and Portillo and of all Federal Claims Supports Summary Judgment on these Claims.**

Batts filed his complaint in the Eighth Judicial District Court.[3] He sues CSC and its affiliate or successor entities Computer Sciences Corporation and PAE Applied Technologies, Inc., plus CSC employees Elizabeth Montilla, Vivian Smith, and Ray Portillo, alleging claims for: (1) violation of N.R.S. § 50.070; (2) retaliatory discharge in violation of public policy as specified in Executive Order #13495;(3) retaliatory discharge in violation of public policy based on violation of N.R.S. § 50.070; (4) intentional interference with prospective economic advantage; (5) First Amendment retaliation under 42 U.S.C. § 1983 based on his status as a public employee; and (6) First Amendment retaliation under 42 U.S.C. § 1983 based on his status as a private citizen.[4]

When the defendants moved for summary judgment on all claims,[5] Batts disputed their arguments against his state-law-based claims but puts up no fight on his federal law claims:

> After careful consideration the Plaintiff elects to abandon all of his claims under federal law at this time. As a result of the dismissal of the federal claims, the Court should decline to exercise supplemental jurisdiction over the Plaintiff's state law claims and remand this matter to state court without considering the merits of the state law claims.[6]

He also abandons the lone state-law claim he has asserted against defendants Smith and Portillo, which would leave no claim against them at all:

> After careful consideration, the claim for Intentional Interference with Prospective Economic Advantage (IIPEA) as against Defendants Smith and Portillo will be abandoned.[7]

Defendants oppose the remand request, arguing that the court has already committed significant

---

[3] Doc. 1 at 6.

[4] *Id.* at 6-23.

[5] Doc. 45.

[6] Doc. 52 at 10.

[7] *Id.* at 20. *See also id.* 52 at 8 ("Smith and Portillo did have involvement in the decision to not hire Keith . . . . However, in light of the fact that the Plaintiff is abandoning his claims against these defendants the point is moot.").

2

resources to this case and that Batts's state-law claims present no novel or complex issues of Nevada law.[8]

Defendants have demonstrated the absence of genuine issues of fact to support Batts's claims against Smith and Portillo and all of his federal claims. The burden thus shifted to Batts to identify evidence to support those claims. I construe Batts's express abandonment of these claims as his concession that no genuine issues of material fact preclude summary judgment on them, and I grant the defendants' motion for summary judgment in this regard. Accordingly, summary judgment on Batts's federal claims (counts five and six) will be entered in favor of all defendants, and I direct final judgment in favor of Smith and Portillo on all claims against them.

**B.  The Court Declines Supplemental Jurisdiction Over the Remaining Claims.**

The disposition of all federal claims leaves only state-law claims that are proceeding in this court based on supplemental jurisdiction. Supplemental jurisdiction is a doctrine of discretion, not of right. The court may decline to exercise supplemental jurisdiction over a state law claim if "(1) the claim raises a novel or complex issue of State law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."[9]

Although Batts's federal claims have not been "dismissed," the resolution of those claims by summary judgment leaves the state-law claims substantially predominating over Batts's federal claims. His remaining claims also implicate complex issues of state law. He retains claims for (1) intentional interference with prospective economic advantage, (2) a violation of a Nevada employment-law statute, and (3) retaliatory discharge in violation of Nevada's public policies.[10] Adjudication of these claims will require consideration of Nevada's employment-law scheme and public policies. Accordingly, I find that 28 U.S.C. §1367(c) authorizes me to decline to continue to

---

[8] Doc. 55.

[9] 28 U.S.C. § 1367(c).

[10] *See* Doc. 1.

exercise supplemental jurisdiction over Batts's remaining claims.

The decision to decline to continue to exercise supplemental jurisdiction over a state-law claim should be informed by the values of economy, convenience, fairness, and comity.[11] "The Supreme Court has stated . . . that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'"[12]

Economy, convenience, fairness, and comity compel me to decline to continue to exercise supplemental jurisdiction over this case. Comity concerns dictate remand.[13] Although this court could likely adjudicate Batts's intentional-interference claim on equal footing with the state court, interpretation and application of Nevada's employment statutes[14] are better left to the state court. So are tort claims based on Nevada's public policies. I also do not find that the court or the parties have committed too many resources to litigating this case in federal court to permit remand. Having reviewed the docket, it appears to me that the parties should be able to use all the work and expense they've invested in this forum to complete the litigation of the remaining state-law claims back in the Eighth Judicial District Court. Finally, when arguing that Batts acted in bad faith by filing federal claims only to abandon them on summary judgment so he could "try his luck in another forum,"[15] defendants apparently forget that Batts did not choose the federal forum, they did. Accordingly, I exercise my discretion to decline to continue to exercise supplemental jurisdiction over Batts's remaining claims. This case will be remanded back to the Eighth Judicial District Court, Case No. A-13-689290-C, for all further proceedings. The portions of defendants' motion for summary

---

[11] *Acri v. Varian Assocs.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc).

[12] *Acri*, 114 F.3d at1001 (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988)) (second ellipsis in original).

[13] *Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 421 (2010) (exploring the contours of the comity doctrine).

[14] For example, defendants are arguing that they do not qualify as Batts's employers under NRS Chapter 50, an argument that requires an analysis of the meaning and application of state employment statutes. *See* Doc. 55 at 7-10.

[15] Doc. 55 at 3.

4

judgment not resolved by this order are denied without prejudice.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment **[Doc. 45] is GRANTED** in part:

- Summary judgment is granted **on all claims against Vivian Smith and Ray Portillo. And as there is no just reason for delay, the Clerk of Court is instructed to enter final judgment in their favor** and against the plaintiff on all claims against them;
- Summary judgment is granted on plaintiffs' federal claims (the **fifth and sixth causes of action,** *see* Doc. 1 at 19–21) **in favor of the defendants**;
- In all other respects, the motion is DENIED without prejudice.

IT IS FURTHER ORDERED that this case is **REMANDED to the Eighth Judicial District Court, Case No. A-13-689290-C**, for all further proceedings.

The Clerk of Court is then instructed to close this case.

_____
Jennifer A. Dorsey
United States District Judge